**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| JOHN M. FERGUSON as the Father of and on behalf of RICHARD F. MCLEOD,<br><br>　　　　　Plaintiff,<br>v.<br><br>COREGIS INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No. CV 05-321-N-EJL<br><br>**MEMORANDUM ORDER** |

　　　　Pending before the Court in the above-entitled matter are Defendant's motion for summary judgment and Plaintiff's cross-motion for summary judgment. The parties have filed responsive briefing and the matters are now ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1.

**FACTUAL AND PROCEDURAL BACKGROUND**

　　　　The Plaintiff, John M. Ferguson, filed this action on behalf of his son, Richard F. McLeod, in Idaho state court seeking a declaratory judgment as to the general liability limits of the insurance policy provided to Coeur d'Alene School District #271 by the Defendant, Coregis Insurance Company, ("Coregis"). The complaint alleges the insurance coverage provides a $2,000,000 limit of liability for general liability claims. Coregis maintains that the insurance policy limits liability for such claims to $500,000. Coregis subsequently removed the matter invoking this Court's

**MEMORANDUM ORDER -1**

diversity jurisdiction pursuant to 28 U.S.C. § 1332. Coregis then filed its motion for summary judgment to which Mr. Ferguson has responded and filed a cross-motion for summary judgment.

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Summers v. A. Teichert & Son, Inc., 127 F.3d 1150, 1152 (9th Cir. 1997). Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides, in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The Supreme Court has made it clear that under Rule 56 summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element which is essential to the non-moving party's case and upon which the non-moving party will bear the burden of proof at trial. See Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986). If the non-moving party fails to make such a showing on any essential element, "there can be no 'genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.[1]

---

[1] See also, Rule 56(e) which provides, in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

**MEMORANDUM ORDER -1**

Moreover, under Rule 56, it is clear that an issue, in order to preclude entry of summary judgment, must be both "material" and "genuine." An issue is "material" if it affects the outcome of the litigation. An issue, before it may be considered "genuine," must be established by "sufficient evidence supporting the claimed factual dispute . . . to require a jury or judge to resolve the parties' differing versions of the truth at trial." Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975) (quoting First Nat'l Bank v. Cities Serv. Co. Inc., 391 U.S. 253, 289 (1968)). The Ninth Circuit cases are in accord. See, e.g., British Motor Car Distrib. v. San Francisco Automotive Indus. Welfare Fund, 882 F.2d 371 (9th Cir. 1989).

> According to the Ninth Circuit, in order to withstand a motion for summary judgment, a party (1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the non-moving party's claim implausible.

Id. at 374 (citation omitted). Of course, when applying the above standard, the court must view all of the evidence in a light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Hughes v. United States, 953 F.2d 531, 541 (9th Cir. 1992).

## DISCUSSION

The parties here dispute the interpretation of the insurance policy for the Coeur d'Alene School District #271 and, in particular, the general liability limitations of the policy. The coverage declarations portion of the insurance policy specifies that general liability coverages are limited to $2,000,000 for each occurrence and $5,000,000 aggregate. The insurance policy notes by these particular limits that "The policy is specifically designed to incorporate the protections and claim limitations granted to school districts in the Idaho Tort Claims Act." The insurance policy also contains an Idaho Tort Claims Act Endorsement provision which provides:

**MEMORANDUM ORDER -1**

> This endorsement modifies insurance provided under the following:
>
> > IDAHO SCHOOL PACKAGE POLICY
>
> Section II, GENERAL LIABILITY, WRONGFUL ACTS AND PREMISES MEDICAL PAYMENTS COVERAGE; D. CONDITIONS; 8. LIMITS OF LIABILITY, a. is deleted in its entirety and replaced by the following:
>
> > 8. a. The limit of liability per the amount indicated by the Idaho Code § 6-924 as applicable to each **occurrence** or each **wrongful act,** is the limit of the Company's liability for all damages sustained as the result of any one **occurrence** or **wrongful act;** unless § 6-924 is ruled invalid thereby reverting to the limit of liability as stated in the Declarations. The amount determined by a court of competent jurisdiction for liable action taken outside the state of Idaho renders the liability limitation included in the Idaho Code § 6-924 inapplicable and the limit of liability as stated in the Declarations then applies. All injury or damage arising out of the continuation or repetition of substantially the same conduct or the same proximate cause shall be considered as arising out of one **occurrence** or one **wrongful act.**
>
> All other terms and conditions of this policy remain unchanged.
>
> This endorsement is a part of your policy and takes effect on the effective date of your policy, unless another effective date is shown.

(Dkt. No. 8, Aff. of Harry Amend, Ex. A) (emphasis in original). Idaho Code § 6-924, states:

> **Policy limits -- Minimum requirements.** – Every policy or contract of insurance or comprehensive liability plan of a governmental entity...shall provide that the insurance carrier pay on behalf of the insured governmental entity or its employee to a limit of not less than five hundred thousand dollars ($500,000) for bodily or personal injury, death, or property damage or loss as the result of any one (1) occurrence or accident, regardless of the number of persons injured or the number of claimants.

Coregis argues the plain language of the Endorsement limits coverage for claims arising from liability actions occurring in Idaho to the minimum level of insurance required by Idaho Code § 6-924 which is $500,000. Because Idaho Code § 6-924 does not contain a limit of liability but only

**MEMORANDUM ORDER -1**

specifies the minimum requirements for coverage, Mr. Ferguson contends that the reference to Idaho Code § 6-924 in the Endorsement does not change the insurance policy's explicit general liability coverage of $2,000,000.  Mr. Ferguson argues Idaho Code § 6-926 also supports his interpretation that Idaho Code § 6-924 is only a minimum requirement because Idaho Code § 6-926 allows a governmental entity to purchase additional insurance in excess of $500,000, which he argues the school district did in this case.

As a district court exercising diversity jurisdiction, this Court must apply state substantive law.  Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1094 (9th Cir. 2004) (concluding diversity jurisdiction was lacking and, therefore, jurisdiction did not lie in federal court) (citations omitted). Because the insurance policy was issued in Idaho, the Court must apply Idaho law. See, e.g., Industrial Indem. Ins. Co. v. United States, 757 F.2d 982, 985 (9th Cir. 1985) ("Idaho has adopted the Restatement rule that the law governing interpretation of a contract is the local law of the state that has 'the most significant relationship to the transaction and the parties." ').

In interpreting the insurance contract, the Court begins by interpreting the plain language of the insurance policy to determine whether or not there is an ambiguity.  Cascade Auto Glass, Inc. v. Idaho Farm Bureau, 115 P.3d 751, 753-54 (Idaho 2005) (citing Clark v. Prudential Property and Cas. Ins. Co., 66 P.3d 242, 245 (Idaho 2003).  This is a question of law which the Court must resolve by construing the policy "as a whole, not by an isolated phrase."  Selkirk Seed Co. v. State Ins. Fund, 18 P.3d 956, 959 (Idaho 2000); see also Trinity Universal Ins. Co. v. Kirsling, 73 P.3d 102, 105 (Idaho 2003).  An insurance policy provision is ambiguous if "it is reasonably subject to conflicting interpretations."  Cascade Auto Glass, 115 P.3d at 754 (quoting North Pac. Ins. Co. v. Mai, 939 P.2d 570, 572 (Idaho 1997) (citation omitted).  "[W]here the policy language is clear and

**MEMORANDUM ORDER -1**

unambiguous, coverage must be determined, as a matter of law, according to the plain meaning of the words used." Id. (citation omitted).

If, however, a policy is found to be ambiguous, then its interpretation is a question of fact requiring the trier of fact to determine "what a reasonable person would have understood the language to mean and the words used must be construed given their ordinary meaning." Clark, 66 P.3d at 245 (citation omitted). Any ambiguities in the insurance policy must be construed against the insurer. Cascade Auto Glass, 115 P.3d at 754 (citations omitted). Because insurance policies are contracts of adhesion, they are construed "in a light most favorable to the insured and in a manner which will provide full coverage for the indicated risks rather than to narrow its protection." Smith v. O/P Transp., 918 P.2d 281, 284 (Idaho 1996); see also Foremost Ins. Co. v. Putzier, 627 P.2d 317 (Idaho 1981) ("... insurance policies are to be construed most liberally in favor of recovery, with all ambiguities being resolved in favor of the insured")). For this reason, the burden remains on the insurers to use clear and precise language if it wishes to restrict the scope of coverage, exclusions not stated with specificity will not be presumed or inferred. Clark, 66 P.3d at 245 (citation omitted).

Having considered the parties' arguments and the record herein, the Court finds insurance policy terms disputed here are unambiguous. As such, the Court "looks to, and enforces, the plain language of a contract and does not look to 'extrinsic evidence to interpret the terms of an unambiguous written instrument." United States v. Nunez, 223 F.3d 956, 958 (9th Cir. 2000) (citations omitted). The plain language of the contract evidences that the general liability limits for claims arising from conduct in Idaho were intended to reflect the amount indicated in Idaho Code § 6-924 which is $500,000. The general liability provisions of the insurance policy state that "The

**MEMORANDUM ORDER -1**

policy is specifically designed to incorporate the protections and claim limitations granted to school districts in the Idaho Tort Claims Act." This is consistent with the Endorsement which sets the limit of liability for general liability claims arising from actions in Idaho as "the amount indicated by the Idaho Code § 6-924." While Mr. Ferguson's argument that Idaho Code § 6-924 provides a minimum not a maximum requirement for liability coverage is an accurate reading of Idaho Code § 6-924 itself, when reading the statute in the context in which it is referred to by the Endorsement, it is clear that the insurance policy intended to limit the general liability provision to $500,000 for claims arising from actions occurring in Idaho. Further, Idaho Code § 6-926 does not alter this interpretation, as Mr. Ferguson argues.[2] Instead, Idaho Code § 6-926 supports the Court's interpretation in that it states the general limit of liability for claims in Idaho shall not exceed $500,000 unless the governmental entity has purchased such insurance coverage beyond the limit. See Idaho Code § 6-926. Though Mr. Ferguson asserts the insurance policy here provides insurance coverage exceeding the statutory limitation by setting the general liability limit at $2,000,000, a reading of the entire contract does not support this position. The limiting language referencing the

---

[2] Idaho Code § 6-926 states (emphasis added):

> The combined, aggregate liability of a governmental entity and its employees for damages, costs and attorney fees under this chapter, on account of bodily or personal injury, death, or property damage, or other loss as the result of any one (1) occurrence or accident regardless of the number of persons injured or the number of claimants, <u>shall not exceed and is limited to five hundred thousand dollars ($500,000), unless the governmental entity has purchased applicable, valid, collectible liability insurance coverage in excess of said limit, in which event the controlling limit shall be the remaining available proceeds of such insurance</u>. If any judgment or judgments, including costs and attorney fees that may be awarded, are returned or entered, and in the aggregate total more than five hundred thousand dollars ($500,000), or the limits provided by said valid, collectible liability insurance, if any, whether in one or more cases, the court shall reduce the amount of the award or awards, verdict or verdicts, or judgment or judgments in any case or cases within its jurisdiction so as to reduce said aggregate loss to said applicable statutory limit or to the limit or limits provided by said valid, collectible insurance, if any, whichever was [is] greater.

**MEMORANDUM ORDER -1**

Idaho Tort Claims Act contained in both the general liability declaration and the Endorsement clearly modifies the general liability provision of $2,000,000 to reflect a $500,000 limit <u>for claims arising in Idaho</u>. Were Mr. Ferguson's interpretation correct there would have been no need for such language or for the Endorsement to be included in the contract. Accordingly, the Court concludes as a matter of law that the general liability provision of the insurance policy is limited to $500,000 in this case and grants Coregis' motion for summary judgment.

## ORDER

Based on the foregoing and being fully advised in the premises, the Court **HEREBY ORDERS** as follows:

1) Plaintiff's Cross-Motion for Summary Judgment (Dkt. No. 13) is **DENIED**.

2) Defendant's Motion for Summary Judgment (Dkt. No. 8) is **GRANTED**.

3) The jury trial set on September 26, 2006, is **VACATED**.

DATED: **August 30, 2006**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER -1